No. 1,467.

## WOODS ET AL. *v.* DALRYMPLE.

NEW TRIAL.—*Finding Contrary to Evidence.—Promissory Note.—Set-Off.*—That the answer of set-off to an action on a promissory note, wherein it is alleged that a judgment against the plaintiff's assignor was assigned to defendant prior to the assignment of the note to plaintiff, is sustained by the evidence, and that the finding for plaintiff is contrary to the evidence, see opinion.

Opinion on petition for rehearing by DAVIS, J.

From the Henry Circuit Court.

*L. P. Newby,* for appellants.

*Brown & Brown,* for appellee.

DAVIS, J.—On the 28th of September, 1892, Wilbur Woods, as principal, and W. R. Holland, as surety, executed a note to Lewis Dalrymple for $50. This action was instituted on said note by appellee, who held the same by assignment, against the appellants on the 31st of January, 1893.

The appellant Woods answered by way of set-off that on the 12th day of October, 1891, the guardian of Caroline H. English recovered judgment against said Lewis Dalrymple, as principal, and Daniel T. Carter and others, as sureties, for $297.04, on which said Carter paid $90, and that he thereafter, on the 5th of October, 1892, for a valuable consideration, assigned all his right, title and interest in and to said judgment to said Woods; that said judgment was assigned to him before the note was assigned to appellee; that said Woods was principal and said Holland surety on the note.

On trial by the court, judgment was rendered against appellants for the full amount of the note.

The only error assigned in this court is that the court below erred in overruling appellants' motion for a new trial.

The reasons assigned in the motion for a new trial are that the finding is contrary to law, that it is not sustained by sufficient evidence, and that it is contrary to the evidence.

It appears, from the evidence, that Lewis Dalrymple was guardian of Caroline H. English; that said Wilbur Woods was his attorney; that said Carter became surety on Dalrymple's bond at the request of Woods, under a promise that Woods would save him from loss; that Dalrymple loaned said Woods $250 of the trust funds. Judgment was rendered against Dalrymple and the sureties on his bond in favor of his successor, and, in October, 1891, Woods gave Carter $90, which he paid on said judgment. Afterwards Dalrymple instituted suit against Woods to recover the money loaned to him, and, on compromise of that action, the note in controversy was executed and afterwards assigned to appellee. After the execution of this note by Woods, on the 28th day of September, Carter, on the 5th of October, 1892, assigned to him his interest in the judgment rendered against him as surety on the guardian's bond. Woods paid nothing to Carter after the execution of the note in suit. The sole and only consideration for this assignment was the money previously furnished by Woods to Carter to pay on the judgment.

Whether the note was assigned to appellee before or after the execution of the assignment by Carter to Woods does not appear, but it is shown, without contradiction, that at the time of the assignment of the judgment by Carter, Woods had no notice that the note had been assigned to appellee. It does not appear that appellee was the purchaser of the note for value. After the payment by Carter on the judgment, it remained in force to that amount against Dalrymple for his use. Section 1228, R. S. 1894, section 1214, R. S. 1881.

The money advanced by Woods to Carter to pay on the judgment was a good consideration for the assignment thereof to Woods. Whether Woods ever in fact paid the full amount of the debt he owed Dalrymple is not clear.

It is not controverted, however, that Lewis Dalrymple compromised and settled his claim against Woods in consideration of the payment of $50 and the execution of two notes for $50 each, one of which is the note in suit. It is true, there are some parts of the transaction and the incidents thereto which are not fully and satisfactorily explained, but it does appear that Carter, as surety, paid $90 on the judgment against Lewis Dalrymple as guardian; that by reason of this payment the judgment remained in force for his benefit; that in consideration of the money furnished by Woods he assigned his interest in the judgment to Woods. As we view the evidence we are not able to understand why in this action, under the issues, Woods was not entitled to set off this judgment against the note executed by him to Lewis Dalrymple and assigned to appellee.

Judgment reversed, with instructions to sustain appellant's motion for a new trial and with leave to parties to open issues and amend pleadings if desired.

Filed Feb. 26, 1895.

## On Petition for a Rehearing.

Davis, J.—Counsel for appellee, in support of the petition for a rehearing, insist there is evidence in the record tending to prove that when Carter paid the judgment he paid it with money that belonged to Dalrymple, the principal in the bond; that Woods was Dalrymple's attorney and guardian and had in his possession nearly three hundred dollars of Dalrymple's money and placed ninety dollars of this money in Carter's hands to indem-

Woods *et al. v.* Dalrymple.

nify him as Dalrymple's bondsman, and this indemnity money was paid on the judgment by Carter and that this ended the transaction. The facts and the pleadings, as we understand them from an examination of the record, are correctly stated in our original opinion. The appellee was clearly entitled to recover on the note unless it was defeated by the set-off. The only reply to the set-off was a general denial. It is conceded that judgment was rendered against Dalrymple as principal and Carter as surety; that Woods furnished Carter the money to pay on the judgment, but there is nothing in the record showing that this money belonged to Dalrymple; that Carter paid the judgment with such money and assigned the judgment to Woods. The evidence, without contradiction, shows that Woods induced Carter to become surety on Dalrymple's bond, and that he afterwards gave him the money to pay on the judgment, and that Carter assigned the judgment so paid by him as such surety to Woods. Woods also testified that he borrowed two hundred and fifty dollars of Dalrymple soon after he was appointed guardian and that he afterwards paid the debt, in money and by allowance for services rendered Dalrymple as an attorney, but his cross-examination leaves the question of payment in full in doubt. Afterwards Dalrymple sued him, and pending the litigation, after a verdict had been rendered against him, which was set aside, he settled the matter by executing two notes, one being the note in suit, and by paying him $50. There is no other testimony in the record on the subject. It occurs to us that *prima facie* the set-off was established. The set-off was not controverted by any pleading except the general denial.

The petition for rehearing is overruled.

Filed May 28, 1895.